UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:12-CR-855 |
| | § | |
| LOUIS ARENAS | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant/Movant Louis Arenas's ("Movant") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 56) and memorandum in support (D.E. 57).[1] The United States of America (the "Government") moved for summary judgment (D.E. 61), to which Movant filed a reply (D.E. 63). For the reasons set forth below, the Government's motion for summary judgment is granted, and Movant's § 2255 motion is denied.

### I. Background

Movant was arrested at the Sarita, Texas Border Patrol Checkpoint on September 29, 2012, after a search of his tractor-trailer revealed 28 bundles of marijuana, weighing approximately 292 kilograms; 7 bundles of cocaine, weighing approximately 7.2 kilograms; and 11 bundles of methamphetamine, weighing approximately 9.7 kilograms. Wrapping materials were found inside the tractor, consistent with the masking and packing material used in the bundles. Also found in the tractor was a firearm.

On April 4, 2013, Movant pleaded guilty to three charges alleged in the Superseding Indictment: possession with intent to distribute 10.81 kilograms of

---

[1]. All citations to the docket sheet refer to Criminal Case No. 2:12-855-1(S).

methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)A); possession with intent to distribute 2.87 kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and possession with intent to distribute 263.26 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Before accepting Movant's plea, the Court ensured that Movant understood his right to a jury trial and that he understood the charges lodged against him, including the elements the Government would have to prove to sustain a conviction. Movant was advised that the penalty range was a 10-year minimum term of imprisonment up to a maximum of life. Movant testified that he understood. The Court then outlined how Movant's sentence would be computed under the United States Sentencing Guidelines. Movant assured the Court that no one had threatened him or promised him leniency if he pleaded guilty. After the Court was advised that Movant was entering his plea without a plea agreement, Movant was advised that he could not withdraw his plea if he was later dissatisfied with the sentence that was imposed. Movant again stated that he understood. The Court then accepted Movant's plea, found him guilty, and ordered the preparation of a pre-sentence investigation report (PSR).

The PSR calculated Movant's base offense level at 38. Two levels were then added under U.S.S.G. § 2D1.1(b)(1) because he possessed a dangerous weapon during the commission of the offense. After acceptance of responsibility, Movant's total offense level was 37. Movant had no criminal history, placing him in criminal history category I. Movant was subject to an advisory guideline imprisonment range of 210 to 262 months, with a 10-year statutory minimum term of imprisonment under 21 U.S.C. § 841(b)(1)(A).

Movant's counsel did not lodge any objections to the PSR, but instead moved for a substantial downward variance and asked the Court to impose the statutory minimum term of imprisonment of 120 months. The Government urged the Court to impose the minimum Guideline term of imprisonment of 210 months.

The Court ultimately sentenced Movant to serve three concurrent 144-month terms of imprisonment on Counts 1S, 2S, and 3S, to be followed by three concurrent 5-year terms of supervised release. Movant appealed. On April 16, 2014, the United States Court of Appeals for the Fifth Circuit issued an unpublished opinion in Case No. 13-40820 dismissing the appeal as frivolous. *United States v. Arenas*, 563 Fed. App'x 316 (5th Cir. 2014). The judgment of conviction became final on July 15, 2014, the last day on which Movant could have filed a petition for a writ of certiorari in the Supreme Court of the United States. *See Clay v. United States*, 537 U.S. 522, 524, 527 (2003). Movant filed the instant § 2255 motion on or about April 2, 2015. It is timely.

## II. Legal Standard

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete

miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). "Moreover, a defendant 'may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error.'" *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc)).

### III. Movant's Allegations

Movant's § 2255 motion alleges that counsel provided ineffective assistance at trial because he failed to: (1) successfully negotiate and secure a written plea agreement; (2) conduct any discovery or investigation in accordance with the Federal Rules of Criminal Procedure; (3) provide him adequate advice as to the sentence to which he would be subject upon being found guilty of the offenses charged in the Superseding Indictment; (4) prepare and file a sentencing memorandum objecting to the PSR's recommendations; (5) lodge an objection to the PSR's recommendation that his base offense level be increased by two levels due to his possession of a firearm during the commission of the offense; (6) secure a two-level reduction in the computation of his sentence under the safety valve provision; and (7) conduct any investigation into his conduct, which would have led to information that would have supported the imposition of a more lenient sentence. Movant further complains that (8) his appellate counsel rendered ineffective assistance because he was incapable of raising any complaints regarding the adjustment for possession of a firearm during the commission of the offense as well as his failure to secure relief under safety valve.

In his response to the Government's motion for summary judgment, Movant concedes that "no relief can be found" on a majority of his claims. D.E. 63, p.1. Accordingly, the Court will address only claims (4), (5), and (6) below.

## IV. Analysis

### 1. Ineffective Assistance of Counsel Standard

Generally, an ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. *Id.* This means that a movant must show that counsel's performance was objectively unreasonable, that is, outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001). If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

### 2. Failure to Lodge Objections to the PSR

Movant complains that trial counsel was ineffective because he failed to file a sentencing memorandum or otherwise lodge any objections to the PSR, specifically the PSR's recommendation that Movant's base offense level be increased by two levels due

to his possession of a firearm during the commission of the offense. Movant has provided evidence of a receipt showing that he legally purchased the firearm on June 21, 2012. D.E. 57-1. Thus, according to Defendant, the Government cannot prove that he utilized the firearm in connection with his drug trafficking crime.

The Fifth Circuit has recognized that "[p]ossession of a firearm will enhance a defendant's sentence under U.S.S.G. § 2D1.1(b)(1) where a temporal and spatial relationship exists between the weapon, the drug-trafficking activity, and the defendant." *United States v. Marmolejo*, 106 F.3d 1213, 1216 (5th Cir. 1997) (citing *United States v. Eastland*, 989 F.2d 760, 770 (5th Cir. 1993)). "The government has the burden of proof under § 2D1.1 of showing by a preponderance of the evidence 'that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant.'" *United States v. Vasquez*, 161 F.3d 909, 912 (5th Cir. 1998) (quoting *Eastland*, 989 F.2d at 770, and citing *United States v. Caicedo*, 103 F.3d 410, 412 (5th Cir. 1997). The Fifth Circuit has previously analyzed § 2D1.1 using the same standard as § 2K2.1. *See Vasquez*, 161 F.3d at 912 (citing *United States v. Condren*, 18 F.3d 1190, 1196–97 (5th Cir. 1994)). According to the Application Notes to § 2K2.1(b)(5), "'in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia' the *enhancement automatically applies* . . . ." *United States v. Jeffries*, 587 F.3d 690, 692 (5th Cir. 2009) (citing § 2K2.1 cmt. n.14(B)(ii)) (emphasis added).

Here, Movant does not dispute that he did in fact possess a firearm at the time of his arrest, or that the firearm was found in the same tractor as the marijuana, cocaine,

6 / 10

methamphetamine, and packing materials. Thus, the § 2D1.1(b)(1) enhancement automatically applied, and counsel was not ineffective for failing to object to this enhancement. Defendant does not set forth any other objections to the PSR that he believes counsel should have lodged.

Accordingly, Movant is not entitled to relief on this claim.

### 3. Failure to Secure a Reduction in Sentence under Safety Valve

Movant further complains that trial counsel was ineffective for failing to secure a two-level reduction in his sentence under the safety valve provision. Movant claims that roughly two weeks before he was sentenced, he was interviewed by an agent from the Drug Enforcement Administration, and his attorney, Mr. Thomas, was present during the interview. According to Movant's sworn affidavit, "Before the conclusion of the debriefing, DEA [Agent] Perez confirmed to Mr. Thomas and I that based on the information I provided, I qualified for the safety valve relief." D.E. 63-1, ¶ 3.

Under safety valve, a defendant convicted of an offense under 21 U.S.C. § 841 may be sentenced below the statutory minimum if the court finds that the defendant meets certain criteria. U.S.S.G. § 5C1.2. Among the criteria for safety valve is the requirement that, "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . ." U.S.S.G. § 5C1.2(a)(5). The record shows that the Court addressed Movant's potential eligibility for relief under safety valve at sentencing:

> THE COURT: Okay. Was there any cooperation, any working with the Government at all, or no?
>
> MR. THOMAS: Judge, we tried, and I don't—I'm not going to try to argue or blame anything. It was a little bit of a different debrief. It seemed to want to go into more of an investigation as to other factors, and my client didn't want to go there, and we just kind of mutually agreed that this was not going to, not going to work. We met, but it was unsuccessful.

7/23/2013 Tr., D.E. 50, p.6:4-12. Movant was immediately given the opportunity to address the Court regarding his sentence, but he did not mention anything about his conversation with the DEA, or his entitlement to relief under safety valve. *Id.*, p.6:13-23.

Even assuming that Movant has fully debriefed, another requirement for safety valve is that the defendant "did not . . . possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." U.S.S.G. § 5C1.2(a)(2). "In contrast to § 2D1.1, the defendant has the burden of proving that he qualifies for sentencing under § 5C1.2." *Vasquez*, 161 F.3d at 912 (citing *United States v. Flanagan*, 80 F.3d 143, 146 (5th Cir. 1996); *United States v. Ortiz*, 136 F.3d 882, 883 (2d Cir. 1997), *United States v. Ajugwo*, 82 F.3d 925, 929 (9th Cir. 1996)). Movant "thus had to show, by a preponderance of the evidence, that he did not possess a firearm in connection with the drug [offense] in order to qualify under the safety valve." *Vasquez*, 161 F.3d at 912.

As set forth above, Movant does not dispute that he possessed a firearm at the time of his arrest, or that the firearm was found in the same tractor as the drugs and packing materials. Because Movant could not show that he did not possess the firearm in connection with his drug trafficking crime, he did not qualify for safety valve, and trial

counsel was not ineffective for failing to secure a two-level reduction in his sentence under the safety valve provision.

Accordingly, Movant is not entitled to relief on this claim.

## II.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Although Movant has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a certificate of appealability (COA). *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues

presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Movant is not entitled to a COA—that is, reasonable jurists could not debate the Court's resolution of his claims.

### III.   Conclusion

For the foregoing reasons, the Government's motion for summary judgment (D.E. 61) is **GRANTED**, and Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 56) is **DENIED**. Additionally, Movant is **DENIED** a Certificate of Appealability.

ORDERED this 10th day of September, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE