UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:12-CR-855 |
| | § | |
| LOUIS ARENAS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Defendant-Appellant Louis Arenas ("Defendant"), a federal prisoner, has filed a *pro se* application to proceed *in forma pauperis* ("IFP") on appeal (D.E. 79) as to the Court's June 7, 2017 order (D.E. 74) denying his motion to correct clerical error, for appointment of counsel and for summary judgment. Defendant's IFP motion has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636. For the reasons set forth in more detail below, the undersigned recommends the Court **DENY** Defendant's IFP motion (D.E. 79) and **certify that this appeal is not taken in good faith**.

### BACKGROUND

On September 29, 2012, Defendant was arrested at the United States Border Patrol Checkpoint near Sarita, Texas after Border Patrol Agents found cocaine, methamphetamine and marihuana concealed in the sleeper compartment of the tractor-trailer he was driving. Defendant originally retained counsel, however, another lawyer was appointed after the retained counsel was allowed to withdraw. (D.E. 13, 18, 20) On

April 4, 2013 Defendant pleaded guilty before United States District Judge Nelva Gonzales Ramos to each of the counts in the three-count superseding indictment (D.E. 24).[1] On July 23, 2013, the Court sentenced Defendant to 144 months custody in the U.S. Bureau of Prisons and five years of supervised release on each count to be served concurrently and a $100 special assessment for each count of conviction. (D.E. 44).

Defendant, through counsel, appealed his conviction and sentence. (D.E. 41). On May 13, 2014, Defendant's appeal was dismissed as frivolous pursuant to *Anders v. California*, 386 U.S. 738 (1967). (D.E. 54); *United States v. Louis Arenas*, No. 13-40820 (5th Cir. May 13, 2014).

On April 10, 2015, appearing *pro se*, Defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (D.E. 56). The District Judge, by Memorandum Opinion and Order dated September 10, 2015, denied Defendant's 2255 motion and further denied him a certificate of appealability. (D.E. 64). The Court entered final judgment on September 10, 2015. (D.E. 65). Defendant appealed the denial of his 2255 motion. (D.E. 66). Defendant moved to proceed *in forma pauperis* regarding the appeal of the denial of his 2255 motion. (D.E. 68, 69). On January 4, 2016, the District Court denied Defendant's motion to proceed *in forma pauperis* certifying pursuant to 28 U.S.C. § 1915(a)(3) that the appeal was not taken in good faith and further finding the appeal frivolous. (D.E. 71).

---

[1] Count 1: possessing with intent to distribute 10.81 kilograms of methamphetamine, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); Count 2: possessing with intent to distribute 2.87 kilograms of a mixture of substance containing a detectable amount of cocaine, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); Count 3: possessing with intent to distribute 263.26 kilograms of marihuana, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

On May 1, 2017, the Fifth Circuit denied Defendant's motion to supplement his motions for a certificate of appealability, to proceed *in forma pauperis* on appeal, for an evidentiary hearing and to appoint counsel. (D.E. 72); *United States v. Louis Arenas*, No. 15-41546 (5th Cir. May 1, 2017).

On June 7, 2017, the District Court denied Defendant's Motion to Correct Clerical Error filed pursuant to Fed. R. Crim. P. 36. (D.E. 74). On June 23, 2017, the Clerk of Court received Defendant's notice of appeal of the District Court's June 7, 2017 order. (D.E. 75). Defendant's appeal was dismissed by the Fifth Circuit on August 7, 2017 for want of prosecution because Defendant failed to pay the appellate filing fee. (D.E. 78). On August 30, 2017, Defendant filed an application to proceed *in forma pauperis* on appeal. On September 1, 2017, the Fifth Circuit granted Defendant's request to re-instate the appeal. Defendant's application to proceed *in forma pauperis* on appeal (D.E. 81) regarding the order denying his motion to correct clerical error, for appointment of counsel and for summary judgment remains pending.

## AUTHORITY AND ANALYSIS

Title 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *Id.* An appeal is taken in good faith under that section if a litigant seeks appellate review of any issue that is not frivolous. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Therefore, in addition to demonstrating that his financial condition qualifies him to proceed under the IFP statute, "[a] movant who seeks authorization to proceed IFP on appeal [also] must demonstrate that ... his appeal involves nonfrivolous issues." *Amir-*

*Sharif v. Dallas Cnty. Tex.*, 269 Fed.Appx. 525, 526 (5th Cir. 2008) (per curiam) (citing *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982)). In the Fifth Circuit, this requirement in civil cases is the same in criminal cases – "[a] movant seeking leave to proceed IFP on appeal in a civil case must show that he is a pauper and that the appeal raises nonfrivolous issues. A movant seeking leave to proceed IFP in a criminal case must make the same showing." *United States v. Torres*, 450 Fed. Appx. 361, 362 (5th Cir. 2011) (per curiam). Similarly, under Fed. R. App. P. 24(a)(3)(A), Defendant is ineligible for *in forma pauperis* status if the Court certifies that the appeal is not taken in "good faith." If the district court finds no "legal points arguable on the merits," then an appeal is not taken in "good faith." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), *reh'g denied*, 719 F.2d 787 (5th Cir. 1983); *see also Wai Leung Chu v. United States*, 353 Fed. Appx. 952, 953 (5th Cir. 2009) (per curiam); *Groden v. Kizzia*, 354 Fed. Appx. 36, 36 (5th Cir. 2009) (per curiam); *Walton v. Valdez*, 340 Fed. Appx. 954, 955 (5th Cir. 2009) (per curiam).

Plaintiff seeks to appeal the Court's June 7, 2017 order (D.E. 74) denying his motion to correct clerical error, for appointment of counsel and for summary judgment. Defendant maintains paragraphs 7 and 15 of the presentence investigation report (D.E. 34) incorrectly held him accountable for "methamphetamine (ICE)" instead of "methamphetamine." (D.E. 79, p. 2). For purposes of sentencing, there can be a significant difference between a mixture or substance containing a detectable amount of methamphetamine and methamphetamine (actual) and methamphetamine (ice). *See* U.S.S.G. § 2D1.1, Notes (A) - (C). The difference concerns the purity of the controlled

substance. A higher percentage of methamphetamine in the substance corresponds to a higher base offense level, and therefore, a higher guideline range of months of imprisonment. Defendant argues he should have been held accountable for a methamphetamine mixture and not methamphetamine (ice).

Rule 36 of the Federal Rules of Criminal Procedure provides that a District Court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." The rule is limited to mistakes resulting from inadvertence. *See United States v. Steen,* 55 F.3d 1022, 1025 (5th Cir.), *cert. denied,* 116 S. Ct. 577 (1995) (clerical error under Rule 36 is limited to "mindless and mechanistic mistakes" and "minor shifting of facts"). Although a presentence investigation report is considered part of the record that may be corrected, *United States v. Mackay*, 757 F.3d 195, 200 (5th Cir. 2014), relief under Rule 36 is appropriate only when "the court intended one thing but by merely clerical mistake or oversight did another." *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008) (per curiam) (quoting *United States v. Steen*, 55 F.3d 1022, 1025-26 n.3 (5th Cir. 1995)). Rule 36 does not create a right to "perpetual[ly] ... apply different legal rules or different factual analyses to a case." *Mackay*, 757 F.3d at 200.

In denying Defendant's motion to correct under Fed. R. Crim. P. 36, the District Court found "Defendant has presented no evidence that the PSR's finding that he possessed "ICE" was a clerical error. Moreover, he did not raise this issue at sentencing, on appeal, or in his § 2255 motion before this Court." (D.E. 74, p. 3). The District Court considered the motion, reviewed the presentence investigation report, and

determined there were no clerical errors to be corrected. Therefore, Plaintiff has not established that his appeal involves nonfrivolous issues.

Further, this appeal amounts to a collateral attack on his original sentence and must be brought under § 2255. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Defendant cannot collaterally attack the district court's denial of his first § 2255 motion in the instant appeal. *See id.* at 451-452. While the District Court has not construed Plaintiff's motion to correct as a 2255 motion, the Court could not entertain such a motion until the court of appeals specifically authorizes such a motion. *See* 28 U.S.C.§ 2255; *see also United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) ("Indeed, the purpose of this provision was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit."). Defendant has not presented legal points arguable on the merits and the appeal, therefore, is not taken in "good faith."

## RECOMMENDATION

Because Defendant has not shown that his appeal raises nonfrivolous issues and has failed to provide a plausible basis for this appeal of the Court's order, the undersigned respectfully recommends the Court **DENY** his application to proceed *in forma pauperis* (D.E. 79) and further **certify that Defendant's appeal is not taken in good faith**.

Respectfully submitted this 21st day of September, 2017.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file the Findings and Recommendation on Plea of Guilty and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Crim. P. 59(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).*