UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:12-CR-855 |
| | § | |
| LOUIS ARENAS | § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

Defendant Louis Arenas requests permission to proceed *in forma pauperis* (IFP) on appeal of this Court's June 7, 2017 Order denying his motion to correct clerical error, for appointment of counsel, and for summary judgment. D.E. 79. On September 21, 2017, Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation (M&R) recommending that Defendant's motion to proceed IFP on appeal be denied and that this Court certify that Defendant's appeal is not taken in good faith. D.E. 82. Petitioner filed his timely objections to the M&R on October 4, 2017. D.E. 83.[1]

**I. Legal Standards**

    **A. District Court's Review of the M&R**

A district court that refers a case to a magistrate judge must review de novo any portions of the magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objections. FED. R. CIV. P. 72(b). The district court may accept, reject, or modify, in whole or in part, those portions of the proposed findings and recommendations. *Id.* With respect to non-dispositive matters, the

---

[1]. Defendant's objections are signed and dated October 4, 2017. D.E. 83, p. 5. Under the "mailbox rule," the date of filing for pro se prisoners is set to the date the inmate places the legal paper in the hands of prison officials for mailing. *Spotville v. Cain*, 149 F.3d 374, 376–78 (5th Cir. 1998).

district court must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. FED. R. CIV. P. 72(a).

**B. Motion to Proceed IFP on Appeal**

A defendant may not proceed IFP on appeal if the trial court certifies that the defendant's appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). An appeal is not taken in good faith if it fails to raise "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 200 (5th Cir. 1983) (quoting *Anders v. California*, 386 U.S. 738, 744 (1967)).

## II. Analysis

**A. Objection One**

Defendant first claims the M&R erred in recognizing there is a "difference between a mixture or substance containing a detectable amount of methamphetamine and methamphetamine (actual) and methamphetamine (ice)" for purposes of sentencing under U.S.S.G. § 2D1.1 (M&R p. 4), because there was no evidence that the methamphetamine involved in Defendant's case was at least 80% pure and could be classified as "ice".

Regardless of the evidence presented at sentencing, the M&R's summary of how a defendant's sentence is calculated based on whether he is held responsible for methamphetamine (mixture), methamphetamine (actual), or methamphetamine (ice) is an accurate statement of the law. *See* U.S.S.G. § 2D1.1(c), Drug Quantity Table & nn. A–C. The M&R did not err in making the statement about which Defendant complains.

This objection is **OVERRULED**.

### B. Objection Two

Defendant next claims the M&R erred in stating that "Defendant argues that he should have been held accountable for a methamphetamine mixture and not methamphetamine (ice)." M&R p. 5. According to Defendant, he was indicted for and pled guilty to "possession with intent to distribute approximately 10.81 kilograms of methamphetamine," and there is no evidence that the offense involved "a mixture or substance containing a detectable amount of methamphetamine, methamphetamine (actual), or methamphetamine (ice)." D.E. 83, p. 2.

The drug quantity used for sentencing purposes is calculated in one of two ways: (1) the weight of the total mixture, or (2) the weight of the actual controlled substance itself, contained within the mixture or substance, which is determined by multiplying the purity of the controlled substance times the weight of the total mixture. U.S.S.G. § 2D1.1, nn.A-B. If the purity times the weight of the methamphetamine is greater than 80%, and the chemical formulation of the methamphetamine is d-methamphetamine hydrochloride, it is considered "ice." *Id*., n.C. When combining different controlled substances to determine marijuana equivalency, 1 gm methamphetamine (mixture) equals 2kg marijuana; 1 gm methamphetamine (actual) equals 20 kg of marijuana; and 1 gm methamphetamine (ice) equals 20 kg marijuana. *Id*., app.n.8(D).

Defendant's Motion for Leave to Appeal IFP complains that, "[h]ad the PSR not mistakenly included 'ICE', Arenas would have only been held accountable for 22,547.26 kilograms of marijuana." D.E. 79, p. 2. Because marijuana equivalency is calculated the same way for methamphetamine (actual) and methamphetamine (ice), and 10.81

kilograms of either would have yielded 216,200 kg marijuana as determined in the PSR, the only logical interpretation of Defendant's claim is that his base offense level should have been calculated using the 1 gm methamphetamine (mixture) to 2 kg marijuana ratio. Thus, the M&R did not err in concluding that "Defendant argues that he should have been held accountable for a methamphetamine mixture and not methamphetamine (ice)."

This objection is **OVERRULED**.

**C. Objection Three**

Defendant next claims the M&R erred in stating that FED. R. CRIM P. 36 "is limited to mistakes resulting from inadvertence." M&R p. 5. According to Defendant, this finding is contrary to the Fifth Circuit's ruling in *United States v. Cardona*, 540 Fed. App'x 296 (5th Cir. 2013). In *Cardona*, the Fifth Circuit remanded the case to the district court pursuant to FED. R. CRIM P. 36 "for the limited purpose of correcting the statement of reasons accompanying the judgment of conviction to remove the ***inadvertent*** check mark indicating that a mandatory minimum sentence was imposed in this case." *Id.* at 298 (emphasis added). If anything, *Cardona* supports the M&R's statement regarding inadvertence. *See also, e.g.*, *United States v. Douglas*, — Fed. App'x —, 2017 WL 2544526, at *3 (5th Cir. June 9, 2017) ("Where the record makes it clear that an issue was actually litigated and decided but was incorrectly recorded in or ***inadvertently*** omitted from the judgment, the district court can correct the judgment under Rule [36].") (emphasis added); *United States v. Steen*, 55 F.3d 1022, 1026 (5th Cir. 1995) ("It is axiomatic that courts have the power and the duty to correct judgments which contain

clerical errors or judgments which have issued due to *inadvertence* or mistake.")
(emphasis added).

This objection is **OVERRULED**.

**D. Objection Four**

Defendant next claims the M&R erred in finding that this Court reviewed the PSR and determined there were no clerical errors to be corrected. According to Defendant, had this Court properly reviewed his entire case and not just the PSR, it would have determined that there were in fact clerical errors to be corrected. Defendant's complaint appears to be with this Court's Memorandum Opinion & Order (D.E. 74), and not the M&R. Moreover, "[h]ere, there is no error to be corrected. The PSR's language was deliberately chosen by the probation officer who drafted it; the disputed words are not mistakes at all, much less the sort of mistake subject to correction under Rule 36." *See United States v. Ramirez-Gonzalez*, 840 F.3d 240, 247 (5th Cir. 2016).

This objection is **OVERRULED**.

**E. Objection Five**

Defendant further claims the M&R erred in finding that he has not presented legal points arguable on the merits on appeal because there "is more than enough evidence to correct Paragraph 7 and 15 on the PSR." D.E. 83, p 3. Defendant argues the criminal complaint, superseding indictment, and re-arraignment transcript all show he was charged with and pled guilty to possession with intent to distribute methamphetamine, not methamphetamine (ice), and he therefore could not have been sentenced based on "ice." The Fifth Circuit previously rejected a similar claim, explaining:

> The fact that the methamphetamine was "ice" does affect the Sentencing Guidelines range of punishment. *See* § 2D1.1(c). However . . . the sentencing judge may continue to find by a preponderance of the evidence all facts relevant to sentencing, even if those facts increase the guideline sentencing range. *United States v. Johnson,* 445 F.3d 793, 798 (5th Cir. 2006), *cert. denied,* 547 U.S. 1199 (2006). ***Thus, the fact that Clark pleaded guilty to an offense involving "methamphetamine" does not prohibit the district court from finding, or the Government from arguing, that he be sentenced based on "ice."***

*United States v. Clark*, 199 Fed. App'x 392, 393–94 (5th Cir. 2006) (emphasis added) (citing *United States v. Smallwood*, 920 F.2d 1231, 1239 (5th Cir. 1991)).

This objection is **OVERRULED**.

**F. Objection Six**

Finally, Defendant claims the M&R erred in concluding that "Defendant has not shown that his appeal raises nonfrivolous issues" because it also found that "Plaintiff has not established that his appeal involves nonfrivolous issues." M&R, p. 82. According to Defendant, the M&R's use of the term "Plaintiff" was intended to refer to the Government and indicates that the Government failed to establish that Defendant's appeal involves nonfrivolous issues. The M&R's use of the term "Plaintiff" to refer to Defendant Arenas was an error.

This objection is **OVERRULED**.

**III. Conclusion**

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Defendant's objections and all other relevant documents in the record, the Court **OVERRULES** Defendant's objections and

**ADOPTS** as its own the findings and conclusions of the Magistrate Judge. The Court further certifies that Defendant's appeal is not taken in good faith. Accordingly, Defendant's Motion for Leave to Appeal in Forma Pauperis (D.E. 79) is **DENIED**.

ORDERED this 17th day of November, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE